UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEUNGJIN KIM, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 25-cv-0196 (UNA) |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1) and motion to amend the complaint (ECF No. 6). The Court will grant the application, dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, and deny leave to amend the complaint as futile.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice. Among other outlandish claims, Plaintiff alleges that the late Justice Ruth Bader Ginsburg "hired [him] as one of her secretaries before her death," Compl. at 7, named him a Justice of the Supreme Court of the United States, *id.*, and left instructions in her will that the State Department issue him a diplomatic passport, *see id.* at 4; Mot. to Am. Compl. at 3. He demands the passport plus an award of $100 billion. *See* Compl. at 4. In addition, Plaintiff demands that Defendant visit Justice Ginsburg's gravesite, *id.* at 5, "place a bouquet of roses and express deep sorrow for her death," *id.*, and "resolve all the problems of the Embassy of the Republic of Korea in South Korea," *id.*, among other relief.

Because Plaintiff's fanciful and irrational allegations do not amount to actual legal claims over which the Court may exercise jurisdiction, the Court dismisses the complaint and denies leave to an amend it. A separate order will issue.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 30, 2025